UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| MICHAEL BROWN<br>8779 Wicklow Ave<br>Cincinnati, OH 45236<br><br>on behalf of himself and all others<br>similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>ALLIED COMMUNICATIONS CORP<br>D/B/A BOOST MOBILE<br>3701 St. Lawrence Ave<br>Cincinnati, Ohio 45205<br><br>      and<br><br>SAMEH AYOUB<br>c/o Allied Communications Corp d/b/a<br>Boost Mobile<br>3701 St. Lawrence Ave<br>Cincinnati, Ohio 45205<br><br>      Defendants. | CASE NO.<br><br>JUDGE<br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Michael Brown, and for his Complaint against Allied Communications Corp. d/b/a Boost Mobile and Sameh Ayoub (collectively "Allied Communications"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of not paying their hourly, non-exempt sale representatives, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act

("FLSA"), 29 U.SC. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. 1331 and 29 U.S.C. 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendant's principle place of business is in Columbus, Ohio, Defendants conduct business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Cincinnati, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. 203(e) and R.C. 4111.03(D)(3).

7. At times relevant herein, Defendants maintained a physical location at 3701 St. Lawrence Ave, Cincinnati, Ohio 45205.

8. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. 203(d) and R.C. 4111.03(D)(2).

9. At all times relevant herein, Defendant Sameh Ayoub was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in that he acted directly and/or indirectly in the interest of Defendant Allied Communications Corp. in relation to Plaintiff.

10. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. 203(r).

11. At all times relevant herein, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 206-207.

13. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

14. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. 216(b).

## FACTUAL ALLEGATIONS

15. Defendants are a Boost Mobile retailer with over 130 locations throughout Ohio, Kentucky, Indiana, Virginia, Maryland, North Carolina, South Carolina and Georgia.

16. Plaintiff Michael Brown was employed by Defendants between October 2017 and June 2018.

17. At all times relevant herein, Plaintiff was employed by Defendants as a sales representative.

3

18. Other similarly-situated employees were employed by Defendants as sales representatives.

19. Plaintiff and other similarly-situated sales representatives were employed by Defendants as non-exempt employees under the FLSA.

20. Plaintiff and other similarly-situated sales representatives were paid an hourly wage.

21. Plaintiff and other similarly-situated sales representatives earned less in commissions than their hourly wages.

**(Failure to Pay Overtime Compensation)**

22. Plaintiff and other similarly-situated sales representatives worked more than 40 hours per week, but Defendants failed to pay them overtime compensation for the hours they worked over 40 each workweek.

23. Rather than paying overtime compensation, Plaintiff and other similarly-situated sales representatives were only paid straight time for the hours they worked over 40 each workweek.

**(Failure to Keep Accurate Records, Withhold Taxes, and Provide Pay Stubs)**

24. Defendants failed to make, keep and preserve accurate records of the work performed by Plaintiff and other similarly-situated sales representatives, failed to withhold taxes, and failed to provide them with pay stubs.

**(Defendant Willfully Violated the FLSA)**

25. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

27. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All current and former sales representatives employed by Allied Communications Corp. at any time between September 28, 2015 and the present.

28. Plaintiff estimates that on average he worked approximately 10 overtime hours per week.

29. Plaintiff is unable to state at this time the exact size of the potential class, by upon information and belief, avers that is consists of at least several hundred persons.

30. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

31. These similarly-situated employees are known to Defendants and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. 216(b), for the purpose of collectively

adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATION

32. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All current and former sales representatives employed by Allied Communications Corp. at any time between September 28, 2015 and the present.

33. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

34. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendants failed to pay overtime compensation to its sales representatives for hours worked in excess of 40 each workweek; and

> (b) what amount of monetary relief will compensate Plaintiff Michael Brown and other members of the class for Defendants' violation of R.C. 4111.03 and 4111.10.

35. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of the other Ohio Class members.

36. Named Plaintiff Michael Brown will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling

class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

37. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Defendants' practice and policy of not paying Plaintiff and other similarly-situated sales representatives overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

41. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated sales representatives violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

42. By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

43. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Defendants' practice and policy of not paying Plaintiff and other similarly-situated sales representatives overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. 4111.03.

46. By failing to pay Plaintiff and other similarly-situated employees' overtime compensation, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

47. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court hold Defendants joint and severally liable, and:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B.    Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.    Award Plaintiff and the class he represents actual damages for unpaid wages;

D.    Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E.    Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F.    Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G.    Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

                                        /s/ Lori M. Griffin
                                        One of the Attorneys for Plaintiff