# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MICHAEL BROWN, on behalf of himself )
and all others similarly situated, )
) Case No. 1:18-cv-00689
      Plaintiff, )
) Judge Michael R. Barrett
      vs. )
)
ALLIED COMMUNICATIONS CORP. )
d/b/a BOOST MOBILE, *et al.*, )
)
      Defendants.

## ORDER

This matter is before the Court on the Defendants' Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and (6). (Doc. 10). Plaintiff has filed a memorandum in opposition (Doc. 12), to which Defendants have replied (Doc. 14). As explained below, Defendants' Motion will be DENIED.

**I.    BACKGROUND**

Plaintiff Michael Brown brings this civil action seeking unpaid wages, specifically overtime wages, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.03.[1] His claims are asserted as a collective action pursuant to § 216(b) and as a class action to remedy any violations of the OMFWSA.

Plaintiff alleges that Defendants—Allied Communications Corp. ("Allied") and Sameh Ayoub—are a Boost Mobile retailer with some 130 locations in Ohio and multiple other states. (Doc. 1 ¶ 15). He was employed by Defendants as a non-exempt

---

[1] As the Court understands Plaintiff's Complaint, the alleged FLSA and OMFWSA violations are ongoing with regard to the non-exempt sales representatives still employed.

1

sales representative between October 2017 and June 2018.  (*Id.* ¶¶ 16–17, 19–20).  Plaintiff regularly worked more than 40 hours per workweek, on average approximately ten overtime hours per workweek.  (*Id.* ¶ 28).  However, he was not paid overtime compensation for those additional hours; rather, Plaintiff was only paid straight time for those hours worked more than 40 hours per workweek.  (*Id.* ¶¶ 22–23).

## II. LEGAL STANDARDS

Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendants' Rule 12(b)(1) Motion must be considered first. *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 592 (S.D. Ohio 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (if court lacks subject-matter jurisdiction, Rule 12(b)(6) motion becomes moot)).

### A. Rule 12(b)(1)

"The Sixth Circuit has distinguished between facial and factual attacks among motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)." *Pritchard*, 210 F.R.D. at 592.  A *facial* attack on subject-matter jurisdiction merely questions the sufficiency of the pleading.  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  When reviewing a facial attack, the court must take each of the allegations in the complaint as true, just as in a Rule 12(b)(6) motion.  *Id.*  In contrast, a *factual* attack on subject-matter jurisdiction does not challenge the sufficiency of the pleading, but, instead, challenges the factual existence of subject-matter jurisdiction.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  As such, "no presumptive truthfulness applies to the factual allegations, and the court is free to

weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal citation omitted). In reviewing a factual attack, the court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325.

In their 12(b)(1) Motion, Defendants purport to challenge the *factual* existence of subject-matter jurisdiction

### B. Rule 12(b)(6)

Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. Civ. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014). While a court must accept as true the factual allegations of the complaint, it is not so bound regarding legal conclusions, particularly when couched as the former. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

On a Rule 12(b)(6) motion, a district court "may consider exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (internal quotation and citation omitted). The ability of the court to consider supplementary documentation has limits, however, in that it must be "clear that there exist no material disputed issues of fact concerning the relevance of the document." *Mediacom Se. LLC v. BellSouth Telecomms., Inc.,* 672 F.3d 396, 400 (6th Cir. 2012) (internal quotation and citation omitted).

### III.  ANALYSIS

"The FLSA requires employers to pay at least a specified minimum wage for each hour worked, *see* 29 U.S.C. § 206, and overtime compensation for employment in excess of forty hours in a workweek." *Chao v. Tradesmen Int'l, Inc.*, 310 F.3d 904, 907 (6th Cir. 2002) (citing 29 U.S.C. § 207(a)(1)). As the statute specifies, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified <u>at a rate not less than one and one-half times the regular rate</u> at which he is employed." 29 U.S.C. § 207(a)(1) (emphasis added). "The legislative debates indicate that the prime purpose of the legislation was to aid the unprotected, unorganized and lowest paid of the nation's working population[.]" *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n.18 (1945)).

The Ohio statute mimics its federal counterpart. *See* Ohio Rev. Code. § 4111.03(A) ("An employer shall pay an employee for overtime <u>at a wage rate of one and one-half times the employee's wage rate</u> for hours worked in excess of forty hours in one workweek[.]") (emphasis added).

## A. This Court has subject-matter jurisdiction of Plaintiff's Complaint.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Clearly this Court has federal question jurisdiction of this civil action, brought pursuant to the FLSA. And, just as clearly, this Court has supplemental jurisdiction over Plaintiff's companion OMFWSA claims pursuant to 28 U.S.C. § 1367.[2]

## B. Plaintiff has standing to sue Defendants.

Defendants are correct that a federal court may only exercise jurisdiction over a matter if the party seeking relief has standing to sue. *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) (quoting *Kardules v. City of Columbus*, 95 F.3d 1335, 1346) (6th Cir. 1996)). "Standing has both constitutional and prudential dimensions." *Id.* Article III, § 2 of the U.S. Constitution grants federal courts jurisdiction over "cases" and "controversies." *Id.* To establish Article III standing, a plaintiff must demonstrate that: (1) he has suffered an "injury in fact" that is (a) "concrete and particularized", and (b) "actual or imminent" rather than "conjectural" or "hypothetical"; (2) there is a causal connection between the injury and the conduct complained of such that the injury is "fairly traceable" to the defendant's conduct and not the result of the independent action

---

[2] "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

of a third party; and (3) it is "likely" that his injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).[3]

Defendants contend that Plaintiff lacks standing to sue them, because, contrary to the allegations in the Complaint, they never employed Plaintiff. In support, Defendants submit the Affidavit of Defendant Sameh Ayoub. Mr. Ayoub identifies himself as the President and Treasurer of Defendant Allied. (Doc. 10-1 ¶ 1). He testifies that Allied employs only four exempt "office personnel" and does not employ any non-exempt sales representatives. (*Id.* ¶ 3). He denies status as a joint employer of the four exempt employees. (*Id.*). Mr. Ayoub further testifies that neither he, nor Allied, has ever employed Plaintiff or the individuals who have provided consent forms[4] in this matter. (*Id.* ¶ 5). Plaintiff lacks standing, therefore, because he "has not properly established a causal connection between his complained-of injury and Defendants' actions." (Doc. 10 at PageID 43).

"[A] district court engages in a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 443 (6th Cir. 2012) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). "In other words, the district court is prohibited from making factual findings with respect to a jurisdictional issue when such a finding would adversely affect the merits of the plaintiff's case." *Id.* (citing *Gentek*, 491 F.3d at 331). When "an

---

[3] Because Article III standing is a jurisdictional requirement that cannot be waived, it may be brought up at any time in the proceeding. *Kroll v. White Lake Ambulance Auth.*, 691 F.3d 809, 813 (6th Cir. 2012) (citing *Zurich*, 297 F.3d at 531); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").
[4] Mr. Ayoub names Stephene Cheatham, David Elder, Jr., Beth McIntyre, and Leroy Rolland in his affidavit. (Doc. 10-1 ¶ 5). One additional consent form has been filed by Donte' Seales (Doc. 16), and Mr. Rolland recently filed a second consent form (Doc. 17).

attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should *find that jurisdiction exists* and deal with the objection as a direct attack on the merits of the plaintiff's claim." *Id.* (quoting *Gentek*, 491 F.3d at 330 (internal quotation marks and citation omitted) (emphasis in original). "This provides a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place greater restrictions on the district court's discretion . . . ." *Gentek*, 491 F.3d at 331 (internal quotation marks and citation omitted).

Mr. Ayoub's testimony obviously challenges the validity of Plaintiff's claim. Therefore, this Court cannot consider Mr. Ayoub's testimony. And, based on the allegations of the Complaint, Plaintiff unquestionably has standing to sue Defendants. Plaintiff has alleged an injury in fact: He worked approximately 10 overtime hours per week, yet was not paid overtime compensation at the rate of one and one-half times his regular rate of pay for those hours as required by both the FLSA and the OMFWSA. Plaintiff's injury is concrete, particularized, and actual. Plaintiff also has alleged conduct that is "fairly traceable" to Defendants: Defendants were his employers, and, as such, were responsible to pay him overtime compensation for all overtime hours worked. Instead, they paid him only straight time for the weekly overtime hours worked. Finally, the conduct of which Plaintiff complains is likely to be redressed with a favorable judicial decision: It is a violation of both the FLSA and the OMFWSA to fail to pay a non-exempt employee overtime compensation at the rate of one and one-half times his regular rate of pay for overtime hours worked.

Satisfied that there is subject-matter jurisdiction, the Court will proceed to consider Defendants' Rule 12(b)(6) Motion.

## C. The Court will not convert Defendants' Rule 12(b)(6) Motion into one for summary judgment.

The Court also must determine whether it is proper to consider Mr. Ayoub's Affidavit as part of Defendants' Rule 12(b)(6) Motion.

When reviewing a 12(b)(6) motion to dismiss, a district court may not consider matters beyond the complaint. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (citing *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001)). If "matters outside the pleadings are presented to *and not excluded by* the court," the court must treat the motion to dismiss under Rule 12(b)(6) as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d)[5] (emphasis added). In this circumstance, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

A district court has complete discretion to decide whether to consider materials beyond the pleadings and treat a 12(b)(6) motion to dismiss as one for summary judgment under Rule 56. *Barrett v. Harrington*, 130 F.3d 246, 253 (6th Cir. 1997) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (2d ed.)). However, courts should exercise this discretion with "great caution and attention to the parties' procedural rights." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009) (quoting 5C Wright & Miller § 1366 (3d ed.)). For

---

[5] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

8

instance, courts in the Sixth Circuit have declined to convert a Rule 12(b)(6) motion into one for summary judgment when it is "too early in the proceedings to consider materials outside the pleadings that are more properly exchanged, addressed, and developed during discovery and subsequent motion practice." *Hill v. Meda Painting & Refinishing, Inc.*, No. 2:15-cv-10241, 2017 WL 1132206, at *2 (E.D. Mich. Mar. 27, 2017) (citing *Marks One Car Rental, Inc. v. Auto Club Group Ins. Co.*, 55 F. Supp. 3d 977, 981 n.3 (E.D. Mich. 2014)); *see Mincey v. Univ. of Cincinnati*, No. 1:11-cv-300-HJW, 2012 WL 1068167, at *2 (S.D. Ohio Mar. 29, 2012) ("Here, the parties have not had a reasonable opportunity for discovery, and the Court will not consider any matters outside the pleadings at this early stage of the proceedings.").

This Court will follow the conservative course and decline to convert Defendants' Rule 12(b)(6) Motion into one for summary judgment. Fairness requires that Plaintiff— and, of course, Defendants—be permitted to engage in discovery. Accordingly, the undersigned will not consider Mr. Ayoub's Affidavit, which speaks to the fact-intensive issue of whether Defendants ever employed Plaintiff or the individuals who have provided consent forms in this matter. In so ruling, though, the Court notes that Defendants will have the opportunity to move again for summary judgment once discovery in this civil action is concluded. *Hill*, 2017 WL 1132206, at *2.

**D. Plaintiff has sufficiently alleged a violation of the FLSA and the corresponding state law.**

A Rule 12(b)(6) dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538–39 (6th Cir. 2012) (quotation and citation omitted) (emphasis added). That is simply not the case here.

9

### 1. **Plaintiff has sufficiently pled that Defendants were his employers**.

To state a prima facie case of entitlement to overtime pay under the FLSA, a plaintiff must allege that: 1) defendants are engaged in commerce as defined by the FLSA[6]; 2) plaintiffs are employees as defined by the FLSA; 3) as employees for defendants, plaintiffs worked more than 40 hours per week and were not paid overtime compensation for the hours worked in excess of 40. *Gifford v. Meda*, No. 09-cv-13486, 2010 WL 1875096, at *22 (E.D. Mich. May 10, 2010) (citing *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007)). Implicit in these elements is the existence of an employer-employee relationship. *See Simpson v. Baskin*, No. 3:17-cv-01077, 2018 WL 1070897, at *4 (M.D. Tenn. Feb. 26, 2018), *report and recommendation adopted*, 2018 WL 1288908 (M.D. Tenn. Mar. 13, 2018). With the exclusion of Mr. Ayoub's Affidavit, Defendants' primary challenge to the sufficiency of the Complaint—the predicate employer-employee relationship—falls flat.

Plaintiff's allegations are straightforward and sufficient. He was employed by Defendants, who are a Boost Mobile retailer, for the period October 2017 to June 2018 as a non-exempt sales representative. (Doc. 1 ¶¶ 6, 15, 16, 17, 20). So, too, were other similarly-situated non-exempt sales representatives. (*Id.* ¶¶ 18–20). Both Allied and Mr. Ayoub were his employer, because Mr. Ayoub "acted directly and/or indirectly in the interest of Defendant Allied [ ] in relation to [him]." (*Id.* ¶¶ 8, 9); *see* 29 U.S.C. 203(d).[7] In addition, Defendants were a single enterprise for a "common business

---

[6] Defendants do not contest that they are engaged in interstate commerce, a prerequisite for application of the FLSA. S*ee* 29 U.S.C. § 207(a)(1), § 203(b)(c).

[7] This allegation is consonant with well-settled law, as "[t]he FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." *Dole v. Elliott Travel & Tours, Inc.*, 924 F.3d 962, 965 (6th Cir. 1991) (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973)).

purpose" as defined in the FLSA. (*Id.* ¶ 13). Nothing further is needed to state a plausible employer-employee relationship. *See generally Roberts v. Corrections Corp. of Am.*, No. 3:14-CV-2009, 2015 WL 3905088, at *7 (M.D. Tenn. June 25, 2015) ("[T]he courts within the Sixth Circuit have been clear that extensively detailed factual pleading is not required in the context of an FLSA claim, so long as a defendant is given sufficient notice of the *prima facie* claim that it is being asked to defend.")

   2. **Plaintiff has sufficiently pled an overtime violation.**

It is true that the Sixth Circuit "has not yet articulated a post-*Twombly* FLSA pleading standard." *Simpson*, 2018 WL 1070897, at *7. But, as noted above, district courts within the Circuit have largely "rejected attempts to tighten the post-*Twombly/Iqbal* pleading standard under the FLSA. *Comer v. Directv, LLC*, No. 2:14-cv-1986, 2016 WL 853027, at *9 (S.D. Ohio Mar. 4, 2016). "In practice, this has meant that district courts in the Sixth Circuit have allowed actions to go forward in which plaintiffs have pleaded, for example, unpaid or undercompensated hours worked in an average workweek." *Simpson*, 2018 WL 1070897, at *7 (citing *Mabry v. Directv*, No. 3:14CV-00698-JHM, 2015 WL 5554023, at *4 (W.D. Ky. Sept. 21, 2015)). Plaintiff has alleged that he worked approximately 10 hours of overtime per week for the period October 2017 and June 2018. (Doc. 1 ¶¶ 16, 28). Defendants are not "left to guess at what time periods [a]re covered by the plaintiff's allegations." *Comer*, 2016 WL 853207, at *9 (quoting *Lucero v. Leona's Pizzeria, Inc.*, No. 14-C-5612, 2015 WL 191176, at *1 (N.D. Ill. Jan. 13, 2015)). Therefore, the Court concludes that Plaintiff has sufficiently pleaded facts to make out a plausible claim that he performed overtime work without being paid overtime compensation as required under both federal and state law.

### 3. **Plaintiff does not allege a separate cause of action relating to Defendants' failure to keep accurate records.**

Within his Complaint, Plaintiff alleges that his employers failed to keep accurate payroll records as required under the FLSA and related regulations. (Doc. 1 ¶ 41). Defendants urge dismissal because "the FLSA provision which affords a private action against an employer for unpaid overtime wages, 'does not authorize employee suits for violations of the FLSA's recordkeeping requirements.'" (Doc. 10 at PageID 45 (quoting *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002)). Rather, "[a]uthority to enforce the Act's recordkeeping provisions is vested exclusively in the Secretary of Labor." *Id.* (citing 29 U.S.C. §§ 211(c), 215(a)(5), 217)).

Plaintiff does not dispute this proposition of law. He explains that he merely has alleged that "factually" Defendants have failed to keep accurate records. Accordingly, no ruling is necessary on the Court's part, other than to note that "[a]lthough the FLSA does not permit an employee to bring a private action for recordkeeping violations, an employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime." *Id.* at 844; *see Petty v. Russell Cellular*, No. 2:13-cv-1110, 2014 WL 340417 (S.D. Ohio Jan. 30, 2014).

### 4. **Defendants do not currently challenge the "numerosity" requirement vis-à-vis Plaintiff's class allegations.**

As a final basis supporting their Rule 12(b)(6) Motion, Defendants appeared to argue that Plaintiff cannot meet the "numerosity" requirement of Fed. R. Civ. P. 23(a)(1) because: 1) Allied employs four exempt employees; and 2) Allied does not employ any non-exempt employees. (Doc. 10 at PageID 47–48). These facts, of course, are not before the Court because they are stated in Mr. Ayoub's Affidavit and not in Plaintiff's

Complaint. Stated in Plaintiff's Complaint is the allegation that the Ohio Class "consists of at least 100 persons." (Doc. 1 ¶ 33).

In reply to Plaintiff's memorandum in opposition—insisting that a merits-based argument relating to class allegations is premature—Defendants concede that they are not currently challenging the numerosity requirement. (Doc. 14 at PageID 83–84 ("This Court need not make any determination as to the numerosity requirement and despite Plaintiff's claims otherwise, Defendant[s] ha[ve] not requested this Court strike Plaintiff's class allegations.")). At this juncture, then, no ruling is necessary on the Court's part.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss (Doc. 10) in its entirety.

**IT IS SO ORDERED.**

> /s/ *Michael R. Barrett*
> Michael R. Barrett, Judge
> United States District Court